NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0565n.06

No. 19-4089

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CONSOL OF KENTUCKY, INC., | ) | |
| | ) | **FILED** |
| Petitioner, | ) | Oct 05, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON PETITION FOR REVIEW |
| ALLEN R. MADDEN; and DIRECTOR, OFFICE | ) | FROM THE BENEFITS |
| OF WORKERS' COMPENSATION PROGRAMS, | ) | REVIEW BOARD |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondents. | ) | |

BEFORE:     SUHRHEINRICH, LARSEN, and READLER, Circuit Judges.

SUHRHEINRICH, Circuit Judge.  Allen R. Madden was awarded black lung benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–944 ("Act") upon his third try.[1]  His employer, Consol of Kentucky (Consol), petitions this court for review, claiming that liability should be transferred to the Director, Office of Workers' Compensation Programs ("Director" and "OWCP") because the Director's procedural failings deprived Consol of its due process rights.  Alternatively, Consol urges that we deem Madden's third claim untimely.  Lastly, Consol asserts that the administrative law judge's finding that it failed to rebut the presumption of clinical pneumoconiosis is not supported by substantial evidence.  For the following reasons we deny the petition for review.

---

[1] Because pneumoconiosis is a "latent and progressive disease," *Cumberland River Coal Co. v. Banks*, 690 F.3d 477, 482 (6th Cir. 2012), the Act allows a claimant to file a "subsequent claim" more than one year after a prior denial if he "demonstrates that one of the applicable conditions of entitlement . . . has changed."  20 C.F.R. § 725.309(c).

No. 19-4089, *Consol of Kentucky, Inc., et al. v. Allen Madden, et al.*

## I. Background

This appeal involves a long and winding road to black lung benefits for Madden. Because the parties are undoubtedly well aware of the facts, procedural history, and pertinent rules and regulations that line the path to resolution in this matter, we have endeavored to streamline our discussion with that in mind and provide only those details necessary to resolve the issues properly before us.

### A. Facts

Madden worked as a miner for twenty–two years, mostly underground. He quit working in 1999 after injuring his back. He was employed by Consol at the time. Madden has also been a very heavy smoker for most of his life. It is undisputed at this juncture that Madden has a totally disabling respiratory impairment.

### B. Procedural History

*The 2002 Claim.* Madden filed his first claim for black lung benefits on December 9, 2002. On November 24, 2003, the Director denied it. This claim was deemed abandoned on February 3, 2004.

*The 2005 Claim.* Madden filed a second claim for benefits on February 5, 2005. After a hearing, ALJ Bergstrom issued an order denying benefits on September 27, 2007. ALJ Bergstrom concluded that Madden failed to establish the existence of pneumoconiosis or a totally disabling pulmonary disability. In so doing, ALJ Bergstrom considered and rejected the medical opinion of the Director's physician, Dr. Rasmussen, who diagnosed Madden with total disability based on both clinical and legal pneumoconiosis due to cigarette smoking and coal mine dust exposure[2] in favor of Consol's experts, Drs. Jarboe and Repsher, who found no evidence of clinical or legal

---

[2] ALJ Bergstrom's decision stated that Dr. Rasmussen examined Madden on April 27, 2005, January 19, 2006, and September 21, 2006.

pneumoconiosis or any other pulmonary disease aggravated by exposure to coal mine dust. Both felt that Madden's breathing problems were due to cigarette smoking. Madden did not appeal this decision and it became final thirty days after it was filed. *See* 20 C.F.R. §§ 725.478; 725.479.

*Modification Request.* On April 3, 2008, Madden filed a request for modification of the denial of benefits. *See* 33 U.S.C. § 725.310. In conjunction with his modification request, Madden was seen a fourth time by Dr. Rasmussen, and also by a Dr. Baker, who diagnosed Madden as having both clinical and legal pneumoconiosis caused by his employment that was not yet totally disabling. Despite this evidence (or perhaps because of it), Madden failed to provide any evidence to process the claim and on September 12, 2008, the Director proposed denying the modification request "by reason of abandonment." Madden moved for a formal hearing on the Director's denial of that request, but on November 4, 2009, changed course and filed a "Motion for Withdrawal of Request For Hearing and Claim" "because the Claimant does not currently meet the disability standards as promulgated under the Act." On November 5, 2008, ALJ Timlin granted Madden's motion to withdraw his request for a hearing and administratively closed the claim.

*The 2012 Claim.* Madden filed his third, and present, claim for benefits on May 21, 2012. On January 25, 2013, the Director issued a proposed decision and order awarding benefits. Consol requested a hearing before the Department of Labor's Office of Administrative Law Judges, which was conducted by ALJ Clark on August 26, 2015.

Significantly, the Director failed in its duty to provide the 2005 claim file and the accompanying medical records to the ALJ. *See* 20 C.F.R. § 725.309(c)(2); *Id.* § 725.421(b)(4). Prior claim files are required because a subsequent claim "must be denied unless the claimant demonstrates that one of the applicable conditions of entitlement . . . has changed," 20 C.F.R. § 725.309(c), which is done by assessing "both new and old" evidence, *Arkansas Coals, Inc. v.*

*Lawson*, 739 F.3d 309, 314 (6th Cir. 2014). According to Consol, it is this "failure to timely supply all relevant materials [that] has caused the controversy presented on appeal." None of the records or evidence associated with the 2008 claim were included either.

At the hearing Madden testified that he had been examined by Dr. Rasmussen four times and told each time that he was disabled by black lung disease. Madden initially stated that the evaluations occurred in 2001 or 2002, but on redirect examination said that he could not remember the dates. Mrs. Madden confirmed Madden's account. She thought that Dr. Rasmussen first examined Madden in 2004, and then in 2006 and 2007. Mrs. Madden also stated that when Madden filed for modification in 2008, his attorney sent him back to Dr. Rasmussen and also to Dr. Baker for examination.

The Maddens' testimony prompted Consol to move for summary decision. Consol contended that Madden's 2012 application was untimely because (1) Dr. Rasmussen[3] had assessed and informed Madden that he was totally disabled due to pneumoconiosis more than three years before he filed his 2012 claim, *see* 30 U.S.C. § 932(f); 20 C.F.R. § 725.308(a) (requiring a miner to file his application "within three years" of receiving "a medical determination of total disability due to pneumoconiosis"); and (2) Madden's withdrawal of his request for modification of ALJ Bergstrom's decision meant that the underlying claim was also withdrawn and therefore treated as if never filed. *See* 20 C.F.R. § 725.306(b) (stating that a previously filed claim that has been withdrawn "will be considered not to have been filed").

ALJ Clark denied Consol's request on December 22, 2015. He reasoned that Madden's fully adjudicated 2005 claim could not have been withdrawn because it was subject to the final

---

[3] Consol did not rely on Dr. Baker's diagnosis, presumably because "Dr. Baker did not tell Mr. and Mrs. Madden anything about the results." Thus, Dr. Baker's diagnosis could not trigger the running of the statute of limitations clock. *See* 20 C.F.R. § 725.308(a).

decision of ALJ Bergstrom issued on September 27, 2007. Next, because ALJ Bergstrom considered and rejected Dr. Rasmussen's opinions, they were deemed misdiagnoses or nondiagnoses with no legal effect (i.e., they did not trigger the statute of limitations). Furthermore, ALJ Timlin's order granting Madden's voluntary withdrawal request could only extend to Madden's request for a modification hearing, and not the fully adjudicated 2005 claim, because ALJs do not have authority to grant withdrawal of a claim after a decision on the merits.

On the other hand, ALJ Clark found a genuine issue of fact based on the hearing testimony because there was conflicting evidence as to when Madden was first evaluated by Dr. Rasmussen. Madden testified that he thought he had been evaluated in 2000 or 2001, but the record did not indicate whether the Director considered an opinion from Dr. Rasmussen when it denied Madden's 2002 claim.

On April 5, 2016, the ALJ issued his (initial) decision and order awarding benefits. First, ALJ Clark rejected Consol's "timeliness" arguments because there was "no evidence to rebut the regulatory presumption that [Madden's] claim was timely filed." ALJ Clark rejected Consol's "convoluted argument" that Madden's 2005 claim had been withdrawn by ALJ Timlin's order, or that the Director's failure to provide the prior claim file rendered ALJ Bergstrom's decision a legal nullity. Furthermore, there was no evidence that Dr. Rasmussen's reports triggered the statute of limitations, because the Maddens' testimony was "vague on precisely when [Madden] saw Dr. Rasmussen and what Dr. Rasmussen told him."

ALJ Clark turned to the merits. After summarizing the medical evidence, the ALJ determined that Madden was entitled to the fifteen-year presumption of total disability due to pneumoconiosis because he had at least fifteen years of qualifying coal–mine employment and the medical evidence showed that he suffers from a totally disabling respiratory or pulmonary

impairment. *See* 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305.[4] Next, ALJ Clark considered whether Consol had successfully rebutted that presumption. *See* 20 C.F.R. § 718.305(d)(1).[5] After reviewing the relevant radiological evidence, examination records, and medical opinions, the ALJ held that Consol had not rebutted the presumption of clinical pneumoconiosis. In fact, ALJ Clark found that the most recent "x–ray evidence establishe[d] the existence of clinical pneumoconiosis."

ALJ Clark also found that the evidence established that Madden has chronic obstructive pulmonary disease (COPD), that Consol failed to rebut the presence of legal pneumoconiosis, and that Consol's experts further failed to establish that no part of this condition was caused by his exposure to coal mine dust. Thus, because Madden invoked the fifteen-year presumption and Consol failed to rebut it, the ALJ held that Madden was entitled to black lung benefits.

Consol appealed to the Benefits Review Board ("Board"). On May 18, 2017, the Board vacated and remanded Madden's claim to the ALJ because the record failed to include evidence submitted with the 2005 claim. *See* 20 C.F.R. § 725.309(c)(2) (mandating that "[a]ny evidence submitted in connection with any prior claim must be made a part of the record in the subsequent claim"). Because the record was incomplete, the Board could not determine whether Madden's third claim was timely filed. The Board directed the ALJ to admit evidence from the 2005 claim, "which could include evidence that was offered in connection with [Madden's] modification request that was filed after Judge Bergstrom's 2007 decision," and then address whether any of that evidence rebutted the presumption that Madden's claim was timely under 20 C.F.R.

---

[4] To be entitled to benefits, a coal miner must establish that (1) he has pneumoconiosis, (2) his pneumoconiosis arose at least in part out of his coal mine employment, (3) he is totally disabled, and (4) the pneumoconiosis contributed to his disability. 20 C.F.R. § 725.202. A miner is entitled to a rebuttable presumption that his totally disabling impairment was due to his coal–mine employment if he shows that: (1) he worked at least fifteen years in the coal mining industry, and (2) he suffers from a totally disabling respiratory or pulmonary impairment. 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305.

[5] An employer can rebut the fifteen-year presumption by establishing that the miner does not have either legal or clinical pneumoconiosis or "that no part" of the miner's disability "was caused by pneumoconiosis." 20 C.F.R. § 718.305(d)(1)(i), (ii).

§ 725.308(a).[6] Because it was remanding for consideration of the 2005 claim file, the Board held Consol's due process argument moot. The Board also held that the Director's failure to comply with 20 C.F.R. § 725.309(c)(2) was a procedural flaw, but not a due process violation.

It took the Director nearly six months to provide the complete 2005 claim file. Shortly after the case was remanded, on October 11, 2017, ALJ Clark granted the Director three weeks to submit the 2005 claim file into the record. He gave the parties two weeks after that to submit briefs. The Director produced over 800 pages of the 2005 claim file on October 19, 2017. On October 25, 2017, Consol asked for additional time to review the 2005 file. On November 9, 2017, ALJ Clark granted that request and gave the parties one month to notify him if any additional evidence or discovery would be needed in light of the new materials. Briefs were due by February 6, 2018. On February 21, 2018, in its closing brief, Consol flagged three missing exhibits: Dr. Rasmussen's September 21, 2006 medical report, Madden's 2008 answers to interrogatories, and Dr. Baker's 2008 medical report. After a conference call with ALJ Clark, and another order issued on March 29, 2018, the Director finally submitted the missing items on April 11, 2018. On April 12, 2018, ALJ Clark granted the parties two more weeks to determine whether additional discovery was necessary, and if not, authorized them to file supplemental closing briefs "addressing the newly received records only" by May 11, 2018. No briefs were forthcoming, so ALJ Clark closed the record on May 21, 2018.

On June 20, 2018, ALJ Clark issued a decision and order on remand awarding benefits. The ALJ held that Madden's claim was timely because there was no pneumoconiosis diagnosis "from Dr. Baker or Dr. Rasmussen, or any other doctor, more than three years before he filed his

---

[6] The Board affirmed the ALJ's unchallenged findings supporting Madden's entitlement to the fifteen-year presumption.

current claim."[7] After that, ALJ Clark reconsidered whether Consol had rebutted the fifteen-year presumption. He reviewed newly submitted medical evidence along with the medical evidence considered in his initial decision and found that "the x–ray evidence establishes the existence of clinical pneumoconiosis." However, ALJ Clark did not decide whether Consol rebutted the presumption of clinical pneumoconiosis because he concluded that Consol did not sustain its burden of establishing that Madden does not have legal pneumoconiosis (the employer must rebut both to meet its burden, *see* 20 C.F.R. § 718.305(d)(1)(i)). He also found that Consol's medical evidence did not rule out a causal relationship between Madden's disabling respiratory impairment and his coal mine employment. Finally, ALJ Clark rejected Consol's argument that the Director's delay constituted "procedural outrage."

Consol appealed to the Board. The Board affirmed ALJ Clark's decision on September 9, 2019. The Board found that substantial evidence supported ALJ Clark's characterization of the Maddens' testimony as well as the conclusion that the 2012 claim was timely. The Board acknowledged that "the Director's failure to promptly and properly submit the evidence is concerning" but held that "it was within the [ALJ's] discretion to keep the record open until all the evidence from the 2005 claim was admitted." The Board found no due process violation.

As to the merits, the Board found that the Consol failed to disprove legal pneumoconiosis because the ALJ "permissibly" rejected the newly-submitted opinions of Consol's experts. Thus, Consol's "failure to disprove legal pneumoconiosis precludes a rebuttal finding that [Madden] does not have pneumoconiosis." The Board did not address Consol's arguments regarding clinical pneumoconiosis. The Board also affirmed ALJ Clark's finding that Madden had failed to disprove

---

[7] Apparently a missed medical diagnosis related to the 2002 claim was no longer an issue.

that pneumoconiosis played any part in his respiratory disability, and therefore failed to rebut the presumption.

Consol now turns to this Court.

## II. Analysis

Our task on review of a decision of the Board "is limited to correcting errors of law and ensuring that the [Board] adhered to the substantial evidence standard of review in its factual findings." *Arch of Ky., Inc. v. Dir., OWCP,* 556 F.3d 472, 478 (6th Cir. 2009) (cleaned up). We review the Board's legal rulings de novo. *Id.* (citation omitted).

## A. Timeliness

Consol contends that it rebutted the presumption that Madden's 2012 claim was timely filed and that the ALJ's conclusion to the contrary is not supported by substantial evidence. A claim for benefits must be filed "within three years . . . [of] a medical determination of total disability due to pneumoconiosis," 30 U.S.C. § 932(f), and "communicated to the miner or a person responsible for the care of the miner," 20 C.F.R. § 725.308(a). There is a rebuttable presumption that every claim for benefits is timely filed. 20 C.F.R. § 725.308(b); *see Peabody Coal Co. v. Dir., OWCP*, 718 F.3d 590, 594–95 (6th Cir. 2013) (employer must rebut the timeliness presumption by a preponderance of the evidence). According to Consol, Mrs. Madden's testimony that she and Madden had to "go back over" to Dr. Rasmussen in connection with the 2008 modification request establishes that Dr. Rasmussen diagnosed Madden a fourth time, after the 2007 benefits denial, and more than three years before the 2012 claim was filed.

But Mrs. Madden did not provide a date for the fourth visit and did not state that Dr. Rasmussen actually examined her husband or told Madden that he was totally disabled due to pneumoconiosis. Thus, the ALJ reasonably concluded that the Maddens' testimony "was too

vague" to pinpoint when and what Dr. Rasmussen told Madden. This credibility finding was rational and supports the ALJ's conclusion that the statute of limitations clock was not triggered by Madden's fourth visit to Dr. Rasmussen. *See Zurich Am. Ins. Grp. v. Duncan ex rel. Duncan*, 889 F.3d 293, 299 (6th Cir. 2018) (stating that an appellate court does "not reweigh the evidence or substitute our judgment" for the ALJ's); *Cross Mountain Coal Co. v. Ward*, 93 F.3d 211, 218 (6th Cir. 1996) (explaining that because the ALJ observed the witnesses testify, his decision should be accorded deference).

Dr. Baker's evaluation does not advance Consol's timeliness rebuttal argument either. Consol acknowledges that "Dr. Baker did not assess 'total disability.'" But it points out that Dr. Baker made a diagnosis of "a class 2 pulmonary impairment," which "suggests inability to do coal mine work." Yet, as the ALJ correctly held, Dr. Baker did not clearly diagnose total disability due to pneumoconiosis, so his medical opinion did not trigger the statute of limitations. *See Westmoreland Coal Co. v. Stallard*, 876 F.3d 663, 669 (4th Cir. 2017) (stating that medical opinions of an "imprecise nature" will not start the statute of limitations clock); *Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602, 607 (6th Cir. 2001) (finding ALJ's timeliness determination was supported by substantial evidence because doctor did not label claimant as totally disabled), *superseded by regulation on other grounds as stated in Cumberland River Coal v. Banks*, 690 F.3d 477 (6th Cir. 2012). Nor is there proof that Dr. Baker's diagnosis was communicated to Madden. *See* 20 C.F.R. § 725.308(a) (requiring diagnosis to be "communicated to the miner"). In fact, it is undisputed that Mrs. Madden said that they did *not* receive any diagnosis from Dr. Baker. In short, substantial evidence supported the ALJ's conclusion, which Consol failed to rebut. Thus, the ALJ did not err in concluding that Consol failed to rebut the timeliness presumption.

**B. Due Process and Procedural Outrage**

We now proceed to Consol's central argument. Consol contends that its due process rights were violated because the Director initially failed to submit the 2005 claim file to the ALJ, took changed positions regarding the record, and repeatedly failed to provide the entire claim file. Consol claims that, as a consequence, liability for Madden's benefits should be transferred to the Black Lung Disability Trust Fund. *See Island Creek Coal Co. v. Holdman*, 202 F.3d 873, 883–84 (6th Cir. 2000) (imposing liability on Black Lung Trust because agency's failure to preserve records deprived employer of due process).

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (cleaned up). Thus, "[t]he basic elements of procedural due process are notice and opportunity to be heard." *Arch of Ky., Inc.*, 556 F.3d at 478 (citation omitted). There is no doubt that the Director was dilatory and sloppy in its duty to provide documents under 20 C.F.R. § 725.309(c)(2) (requiring that "[a]ny evidence submitted in connection with any prior claim must be made a part of the record in the subsequent claim, provided that it was not excluded") and 20 C.F.R. § 725.421(a)(4) (requiring the Director to submit all medical evidence submitted by the claimant). But the Director's procedural infractions do not implicate the core principles of due process. As then–Judge Gorsuch observed in *Energy W. Mining Co. v. Oliver*, "the Constitution is concerned with procedural outrages, not procedural glitches." 555 F.3d 1211, 1219 (10th Cir. 2009). *Compare Oliver*, 555 F.3d at 1219 (finding agency's destruction of claimant's records nineteen years after it was closed pursuant to a record–retention policy (and not in bad faith) did not violate employer's due process rights because old claim file was not "critical" to current claim), *with Lane Hollow Coal Co. v. Dir., OWCP*, 137 F.3d 799, 805–08 (4th Cir. 1998) (finding extraordinary delay in

notifying employer of black lung claim deprived it due process because employer was denied opportunity to prepare a meaningful defense); *Holdman*, 202 F.3d at 883–84 (finding agency's failure to retain transcript of claimant's testimony during an ongoing adjudication made it impossible to evaluate the ALJ's findings implicated the employer's "core" due process rights); *Harlan Bell Co. v. Lemar*, 904 F.2d 1042, 1049 (6th Cir. 1990) (finding due process violation where the employer was not given an opportunity to address a changed legal standard).

Instead, the proper inquiry when "a party 'complains about the *course* of administrative proceedings'" is whether "the adjudication 'was infected by some prejudicial, fundamentally unfair element.'" *Oliver*, 555 F.3d at 1219 (quoting *Betty B Coal Co. v. Dir., OWCP*, 194 F.3d 491, 501 (4th Cir. 1999)). Consol has not made that showing here. Although the Director initially failed to include the 2005 file, as the ALJ pointed out, Consol was a party to the 2005 claim and was represented by the same law firm, and therefore "would have been provided with the pertinent records that were in the Director's exhibits at the time the claim was adjudicated." Consol does not assert to the contrary. Consol and counsel had only to cast their memory back there.

More importantly, Consol eventually received all of the evidence from the 2005 claim and was given an adequate opportunity to address that evidence. After the Director submitted the missing records on April 11, 2018, ALJ Clark gave the parties another month "to conduct additional discovery if necessary and also to file an additional closing argument" before closing the record. Nobody did. Thus, Consol ultimately received sufficient opportunity to challenge Madden's subsequent claim on the basis of the full record.

Consol's other complaints (worthy of discussion) also miss the target. Consol argues that because of the Director's "procedural snafus," "[p]rior experts from the 'missing' 2005 claim were not used in preparing for the 2015 hearing as their now older out-of-date reports had not been

included" with the 2012 claim. But that's Consol's own fault, because on April 12, 2018, ALJ Clark told the parties that they could seek additional discovery if necessary in light of the newly, lately submitted documents. Consol did not take up the ALJ's offer and asks to augment its experts' opinions. *See Betty B Coal*, 194 F.3d at 504 (finding no due process violation where employer failed to request a remand an opportunity to develop or submit evidence).

Equally unavailing is Consol's argument that the Director's omission of the 2005 claim file was a "concession" or "representation" that the 2005 claim and any associated evidence was withdrawn, "considered not to have been filed," 20 C.F.R. § 725.306(a), (b), and therefore a "legal nullity." As ALJ Clark explained in his order denying summary decision and his 2016 decision awarding benefits, Madden's 2005 claim could not be withdrawn because it was subject to ALJ Bergstrom's 2007 final decision and order. Because ALJ Bergstrom considered and rejected Dr. Rasmussen's diagnoses, they are considered misdiagnoses with the legal effect of a nondiagnosis. *Arch of Ky., Inc.*, 556 F.3d at 483. This means that they did not trigger the running of the statute of limitations clock on the 2012 claim.

Further, as ALJ Clark correctly noted, ALJ Timlin lacked the authority to grant withdrawal of a claim after a decision on the merits. *See Clevenger v. Mary Helen Coal Co.*, 22 Black Lung Rep. (MB) 1–193, 2002 WL 32301638, at *4–5 (Ben. Rev. Bd. 2002) (en banc).[8] Consol should have known this, since *Clevenger* was decided long before ALJ Timlin's ruling. *See generally Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 711 (1974) (stating the "principle that a court is to apply the law in effect at the time it renders its decision"). For this reason, Consol's argument that it was somehow misled by the Director's "changed position" in its closing brief to

---

[8] Notwithstanding ALJ Timlin's citation to 20 C.F.R. § 725.306 in her order, which provides in pertinent part that once withdrawn, "the claim will be considered not to have been filed," *id.* § 725.306(b), she merely "GRANT[ED] the Claimant's motion to withdraw his request for a hearing, pursuant to 20 C.F.R. § 725.306." This left the Director's denial of the modification intact.

ALJ Clark[9] is without merit. After all, ALJ Clark consistently ruled that the 2005 claim had not been withdrawn and the Board affirmed this ruling.

As then–Judge Gorsuch observed in *Oliver*, "[l]itigation is rarely pristine and is filled with risk: evidence gets lost, witnesses lie, judges err. The Due Process Clause does not protect against such missteps as these . . . [but demands only that the] adjudicative procedure as a whole is sufficiently fair and reliable that the law should enforce its result." 555 F.3d at 1219. Upon review of the entire course of the adjudicative proceedings in this case, which included a remand by the Board to correct ALJ Clark's initial error in relying on summaries rather than on the actual medical evidence, and ALJ Clark's subsequent efforts to procure that evidence and give the parties ample opportunity to respond to it before he ruled (not to mention the fact that Consol always had the information anyway), we are assured that the proceedings, although bumpy, overall were fair and reliable. In short, Consol was not deprived of due process or the victim of procedural outrage.

### C. Substantial Evidence

Lastly, Consol claims that ALJ Clark's finding that the presumption of clinical pneumoconiosis was unrebutted is irrational, unsupported by substantial evidence, and contrary to law. The Board affirmed ALJ Clark's finding that Consol failed to disprove legal pneumoconiosis, and that this failure "preclude[d] a rebuttal finding that [Madden] does not have pneumoconiosis" (i.e., because Consol had not disproven the presence of clinical pneumoconiosis), as well as his disability causation finding.

We do not need to undertake a detailed review of the medical evidence because Consol failed to rebut the fifteen-year presumption of total disability due to pneumoconiosis. To do that, Consol had to disprove *both* clinical *and* legal pneumoconiosis. The controlling regulation, 20

---

[9] Consol points to the Director's statement that "[w]hen the request for modification was withdrawn, [the 2005 claim] was considered to not have been filed."

C.F.R. § 718.305(d)(1), states that an employer may rebut the fifteen-year presumption of pneumoconiosis by establishing that the miner does not have legal *and* clinical pneumoconiosis *or* "that no part" of the miner's disability "was caused by pneumoconiosis." (Emphasis added.) *See Island Creek Coal Co. v. Young*, 947 F.3d 399, 403–04 (6th Cir. 2020). Because Consol has only challenged the ALJ's finding that it failed to rebut the presumption of clinical pneumoconiosis, and not also his finding of legal pneumoconiosis, it has failed to rebut the fifteen-year presumption. *See Brandywine Explosives & Supply, Inc. v. Dir., OWCP*, 790 F.3d 657, 666–69 (6th Cir. 2015) (explaining the ALJ did not err in finding that employer failed to rebut the fifteen-year presumption of eligibility for benefits even though employer successfully rebutted clinical pneumoconiosis because it failed to rebut the presumption of legal pneumoconiosis or causation).[10] Consol has therefore forfeited its challenge on appeal.[11] Thus, it serves no purpose for this court to address Consol's alternative argument that the medical evidence does not support a finding of clinical pneumoconiosis.

### III. Conclusion

The ALJ's conclusion that Madden is entitled to benefits under the Act is supported by substantial evidence and not contrary to law. We AFFIRM the Board's decision affirming the award of benefits to Madden.

---

[10] Consol makes a passing reference to legal pneumoconiosis in this court, stating that ALJ Clark's finding that Consol failed to rebut the presumption of clinical pneumoconiosis "also impacts the related findings of legal pneumoconiosis and disability causation." But Consol never explains how. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Arch on the Green, Inc. v. Groves*, 761 F.3d 594, 602 (6th Cir. 2014). We perceive Consol's failure to develop any argument on this point a "concession" that the ALJ's finding that Madden has legal pneumoconiosis is supported by substantial evidence.

[11] Tellingly, Consol offers no rebuttal argument on this issue in its reply brief.